UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOHN CORBETT MCCOMBS,

        Plaintiff,

vs.                                   Case No. 2:06-cv-148-FtM-29SPC

JUDGE J. FRANK PORTER, WILLIAM T.
HAVERFIELD, ESQ., DIANE MARIE
LEVELL-HALEY (MCCOMBS),

        Defendants.
_____

**OPINION AND ORDER**

     This matter comes before the Court on review of plaintiff's Petition for Injunctive Relief and Complaint for Damages Pursuant to Title 42 U.S.C. Section 1983, and Demand for Trial by Jury - Three-Judge District Court Requested ("Petition") (Doc. #1) and Motion for Temporary Restraining Order and/or Preliminary Injunction Prior to April 5, 2006 (Doc. #2), filed on March 23, 2006. Upon review, the Court finds that it has no jurisdiction to entertain plaintiff's Complaint or request for a restraining order.

**I.**

    Plaintiff John Corbett McCombs states that jurisdiction over the Petition is premised on the federal question of "whether the State of Florida family law court has authority, in rem and otherwise, to take [plaintiff]'s papers and property without a

valid contract and/or through fraud of the Defendant(s)" pursuant to the Florida Constitution and the Fourth Amendment of the United States Constitution. (Doc. #1, ¶ 3). Plaintiff also states that the cause of action is brought pursuant to 42 U.S.C. § 1983 based on his rights as enumerated in the First, Fourth, Fifth, Seventh, Eighth, Ninth, Tenth, and Fourteenth Amendments. (Id. at ¶¶ 1, 9). Plaintiff further states that he is entitled to relief under The Declaratory Judgment Act and the All Writs Act. (Id. at ¶¶ 11, 14). Plaintiff alleges that his personal information and real property were seized or are otherwise under the threat of an unconstitutional seizure because it is alleged that his marriage to defendant Dianne Marie Levell-Haley was fraudulent. (Id. at ¶¶ 5-6). Defendant William T. Haverfield represented defendant Dianne Marie Levell-Haley in the state court proceedings before defendant Circuit Judge Frank Porter, in and for Charlotte County, Florida. (Id. at ¶¶ 7, 17-19). Plaintiff seeks monetary damages against Dianne Marie Levell-Haley and William T. Haverfield for causing plaintiff to appear in state court for dissolution of marriage proceedings and for the recording of a *lis pendens* on plaintiff's property. (Id. at ¶¶ 63-64). Plaintiff further seeks damages and injunctive relief against Judge Porter for rulings made in state court. (Id. at ¶¶ 65-67). In plaintiff's motion for a temporary restraining order, plaintiff seeks an injunction against Judge Porter to prevent the April 5, 2006, deposition of plaintiff and "all further actions by said Florida trial court." (Doc. #2, ¶ 1).

**II.**

Of prime importance is the principle that federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them." Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976). See also New Orleans Pub. Serv., Inc. v. Council of New Orleans (NOPSI), 491 U.S. 350, 358 (1989). In some classes of cases, however, federal courts should withhold relief to avoid undue interference with state court proceedings. NOPSI, 491 U.S. at 359. Federal courts have no authority to exercise supervisory jurisdiction over the operations of a state court, and a litigant dissatisfied with a state court judgment must pursue state remedies. Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). "[F]ederal courts, other than the United States Supreme Court, have no authority to review the final judgments of state courts." Siegel v. LePore, 234 F.3d 1163, 1171 (11th Cir. 2000)(citations omitted). The Rooker-Feldman doctrine "applies not only to claims actually raised in the state court, but also to claims that were not raised in the state court but are 'inextricably intertwined' with the state court's judgment." Powell v. Powell, 80 F.3d 464, 466 (11th Cir. 1996)(citing Feldman, 460 U.S. at 482 n.16). See also Gogola v. Zingale, 141 Fed. Appx.

839, 842 (11th Cir. 2005); Rice v. Grubbs, 158 Fed. Appx. 163, 165 (11th Cir. 2005); Incorvaia v. Incorvaia, 154 Fed. Appx. 127 (11th Cir. 2005). The Rooker-Feldman doctrine does not apply if plaintiff had "no 'reasonable opportunity to raise his federal claim in state proceedings.'" King v. Epstein, 2006 WL 328157, *3 (11th Cir. 2006)(quoting Blue Cross & Blue Shield of Md., Inc. v. Weiner, 868 F.2d 1550, 1555 (11th Cir. 1989)).

### III.

Plaintiff essentially seeks damages from defendants for actions taken in the state case of Dianne Marie Levell-Haley (McCombs) against John Corbett McCombs, and asks the federal court to enjoin the state court from further action in that case. In other words, "it is plainly evident that what [plaintiff] seeks in this original action is a review by the federal courts of the proceedings of the . . . (Florida) State Courts in the divorce action. Federal courts are without authority to function as an appellate arm of the state courts." Brown v. Chastain, 416 F.2d 1012, 1013-14 (5th Cir. 1969)[1](quoting Pilkinton v. Pilkinton, 389 F.2d 32, 33 (8th Cir. 1968)), cert. denied, 397 U.S. 951 (1970). State courts have the authority and ability to address federal Constitutional issues. See Miami Home Milk Producers Ass'n v. Milk

---

[1]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Control Bd., 169 So. 541, 805-806 (Fla. 1936)(the Florida Supreme Court is bound by the decisions of the U.S. Supreme Court when "construing the meaning and effect of acts of Congress and those provisions of the national Constitution which restrict the powers of the states"); State ex rel. Hawkins v. Board of Control of Fla., 47 So. 2d 608, 612-13 (Fla. 1950)(citing decision by the U.S. Supreme Court has binding with respect to a federal constitutional question).

The issues plaintiff raises in his Petition were, could have been, or could still be raised in the state court, and plaintiff has state remedies available. Although the partial summary judgment order is not final and appealable, plaintiff is not foreclosed from appealing the final decision to the state appellate court. The Court concludes that the Rooker-Feldman doctrine bars a federal court from entertaining plaintiff's claims against the defendants as the claims are inextricably intertwined with the proceedings therein, and that plaintiff has the opportunity and ability to raise any federal issues in the state court.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Plaintiff's Petition for Injunctive Relief and Complaint for Damages Pursuant to Title 42 U.S.C. Section 1983, and Demand for Trial by Jury - Three-Judge District Court Requested ("Petition") (Doc. #1) is **DISMISSED** for lack of jurisdiction.

2. The Clerk shall terminate all pending motions, including the request for a temporary injunction, as moot and close the case.

**DONE AND ORDERED** at Fort Myers, Florida, this ___30th___ day of March, 2006.

                                                  JOHN E. STEELE
                                                  United States District Judge

Copies:
Plaintiff